SAMUEL J. REED DIPPO, State Bar No. 310643
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: sreeddippo@wsgr.com

BRIAN M. WILLEN (admitted *pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas
40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

*Attorneys for Defendants*
*YouTube, LLC and Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID SEAMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>YOUTUBE, LLC, et al.,<br><br>    Defendants. | CASE NO.: 4:19-cv-01903-SBA<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Judge: Hon. Saundra Brown Armstrong<br><br>Hearing Date: August 14, 2019<br>Time:            2:00 p.m. |

Defendants YouTube, LLC ("YouTube") and Google LLC ("Google," and collectively, "Defendants") have moved to dismiss Plaintiff David Seaman's ("Plaintiff") Complaint (the "Motion"). Plaintiff brings causes of action for alleged violations of the First Amendment of the U.S. Constitution and Article I, § 12 of the Virginia Constitution, for "common carrier discrimination" under the federal Telecommunications Act, 47 U.S.C. §§ 202(a) and 206, the Virginia Consumer Protection Act ("VCPA"), and claims for defamation *per se* and breach of contract under state law. Plaintiff has not alleged facts sufficient to state a claim.

Plaintiff's claim under the First Amendment to the United States constitution fails because Defendants are private parties—not the state—and the "constitutional guarantee of free speech is a guarantee only against abridgment by government, federal or state." *Hudgens v. NLRB*, 424 U.S. 507, 513 (1976); *see also Prager Univ. v. Google LLC*, No. 17-CV-06064-LHK, 2018 WL 1471939, at *8 (N.D. Cal. Mar. 26, 2018) (Google and YouTube are not "state actors that must regulate the content on their privately created website in accordance with the strictures of the First Amendment"), *appeal docketed*, No. 18-15712 (9th Cir. Apr. 24, 2018). Plaintiff's claim under the Virginia constitution fails for the same reason. *Elliott v. Commonwealth*, 593 S.E.2d 263, 269 (Va. 2004).

Plaintiff's claim under Title II of the federal Telecommunication Act fails because YouTube is an information service rather than a telecommunications carrier, and therefore YouTube is not a common carrier subject to those provisions. *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 975 (2005).

Plaintiff's claims under state law fail because they are brought under Virginia law and Plaintiff has provided no basis for proceeding under Virginia law. *See Cannon v. Wells Fargo Bank N.A.*, 917 F. Supp. 2d 1025, 1055 (N.D. Cal. 2013) (stating that court could dismiss claim brought under incorrect state substantive law "on that basis alone"). Moreover, Plaintiff's defamation per se claim fails either because he complains of comments that were never published by YouTube, *Cabesuela v. Browning-Ferris Indus. of California, Inc.*, 68 Cal. App. 4th 101, 112 (1998), or because the published statements do not give rise to a viable claim of defamation per se as a matter of law. *Bartholomew v. YouTube, LLC*, 17 Cal. App. 5th 1217, 1232, (2017). Finally,

1  Plaintiff's claim for breach of contract fails for two reasons. First, Plaintiff's breach claim
2  improperly complains of conduct that is expressly authorized by the agreement in question. *Carma*
3  *Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 826 P.2d 710, 728 (1992). Second, Plaintiff's
4  claim for damages under the contract would fail due to the limitation of liability clause in the
5  applicable contract. *Lewis v. YouTube, LLC*, 197 Cal. Rptr. 3d 219, 225 (Cal. Ct. App. 2015);
6  *Darnaa, LLC v. Google Inc.*, 236 F. Supp. 3d 1116, 1125 (N.D. Cal. 2017), *aff'd*, 756 F. App'x
7  674 (9th Cir. 2018).

8        Two federal immunities preclude liability for YouTube's decisions about what videos can
9  appear on its platform and thus bar, as a matter of law, Plaintiff's claims under the Virginia
10 Constitution, the Telecommunications Act, the breach of the implied covenant, and any bid for
11 injunctive relief.  First, Plaintiff's claims are barred by the First Amendment. Plaintiff seeks to
12 hold Google and YouTube liable for what he characterizes as their politically motivated decisions
13 not to allow Plaintiff to post certain kinds of video content on YouTube. But these are exactly the
14 kinds of decisions that the First Amendment protects. *See Miami Herald Publ'g Co. v. Tornillo*,
15 418 U.S. 241, 258 (1974). Consequently, an order countermanding YouTube's editorial judgments
16 would itself be a violation of the First Amendment. *Accord Denver Area Educ. Telecomms*
17 *Consortium, Inc. v. FCC*, 518 U.S. 727, 737-38 (1996) (plurality opinion).

18       Plaintiff's claims are also barred by Section 230 of the Communications Decency Act.
19 This provision bars any claim that would treat the provider of an "interactive computer service"
20 "as the publisher or speaker of any information provided by another information content
21 provider." 47 U.S.C. § 230(c)(1). Under Section 230, "lawsuits seeking to hold a service provider
22 liable for its exercise of a publisher's traditional editorial functions—such as deciding whether to
23 publish, withdraw, postpone or alter content—are barred." *Zeran v. Am. Online, Inc.*, 129 F.3d
24 327, 330 (4th Cir. 1997). Both Google and YouTube are paradigmatic interactive computer service
25 providers, and the content at issue is information provided by another information content
26 provider: Plaintiff himself. Plaintiff's claims also seek to hold Defendants liable for deciding to
27 remove Plaintiff's videos from the platform—that is, in YouTube's capacity as "publisher" of
28 user-created content. Decisions about "whether to publish, withdraw, postpone or alter content"

are exactly what Section 230 protects. *Zeran*, 129 F.3d at 330; *accord Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1102 (9th Cir. 2009).

After considering the Motion, Plaintiff's Opposition, Defendants' Reply in support of the Motion, all other papers on file, and oral argument, the Court grants the Motion. IT IS ORDERED that this action be dismissed, in its entirety, with prejudice.

Dated: _____

HON. SAUNDRA BROWN ARMSTRONG
United Stated District Court Judge