Steven S. Biss, Esquire
(Virginia State Bar No. # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:     (804) 501-8272
Facsimile:     (202) 318-4098
Email:         stevenbiss@earthlink.net
(*Virginia Counsel for Plaintiff*
*Not Admitted in California*)





IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

DAVID SEAMAN             )      Case No. 4:19-cv-01903-SBA
                         )
        Plaintiff,       )      Judge Saundra Brown Armstrong
                         )
v.                       )      **MOTION FOR LEAVE TO**
                         )      **WITHDRAW AS COUNSEL FOR**
                         )      **THE PLAINTIFF**
YOUTUBE, LLC et al       )
                         )
        Defendants.      )
                         )

Steven S. Biss, Esquire, pursuant to Civil Local Rule 11-5, respectfully moves the

Court for leave to withdraw as counsel for Plaintiff, David Seaman.

1.      Through counsel, Plaintiff filed the instant action against Defendants

YouTube, LLC and Google, LLC in the United States District Court for the Eastern

District of Virginia. [*ECF. Document 1*].  The action was transferred to this Court in

April 2019. [*Id., Document 21*].

2.      On June 12, 2019, Plaintiff decided to dismiss this action, and requested

counsel to proceed with dismissal.  Counsel (Mr. Biss) contacted counsel for the

Defendants (Mr. Willen) via email, and advised him of Plaintiff's decision.

1

3.      On June 13, 2019, counsel for the parties spoke.  Thereafter, Mr. Biss prepared a proposed joint stipulation of dismissal Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.  The proposed stipulation of dismissal duly noted that it was being signed by Plaintiff's Virginia Counsel at Plaintiff's direction and with Plaintiff's express authority.  The stipulation of dismissal prepared by Mr. Biss would have effected a dismissal without prejudice pursuant to Rule 41(a)(1)(B).  Later in the day, Mr. Willen advised that the Defendants wanted language in the stipulation of dismissal that made clear "that Plaintiff has not received consideration for the dismissal and that it's with prejudice.  To that end, we propose adding the following sentence to the stipulation: 'Plaintiff has received nothing of value and no consideration in exchange for this voluntary dismissal, which shall be with prejudice.'"  At 6:23 p.m. on June 13, 2019, Plaintiff interjected in the emails between counsel and made the following statement:

> "I'd like an immediate dismissal using the most expedient method possible.  Local counsel should not be necessary, as you were not able to secure local counsel and I do not wish to proceed Pro Se."

Per Plaintiff's direction, Mr. Biss notified Plaintiff and opposing counsel that he would arrange for the immediate dismissal of the case.  "The most expedient method will be for me to get a local attorney to enter an appearance and file the notice of dismissal.  I hope to accomplish that end tomorrow."[1]

---

[1]      There were few options to effect Plaintiff's direction to dismiss the action. Mr. Biss is not a member of the Bar of the Court.  Since the Defendants would not agree to a dismissal *without* prejudice, and a *with* prejudice dismissal meant that Plaintiff could never re-file his claims, the most expedient method to dismiss the case was to engage local counsel for the limited purpose of filing a notice of dismissal without prejudice under Rule 41(a)(1)(A)(i).

4.     On June 14, 2019, Mr. Biss contacted the law offices of David Schwartz in San Francisco and spoke with Nancy Chung about serving as local counsel for the limited purpose of entering a notice of dismissal pursuant to Rule 41(a)(1)(A)(i).

5.     At 4:14 p.m. on June 14, 2019, Plaintiff unexpectedly emailed counsel for the Defendants (Mr. Willen) directly, and stated:

> "Please feel free to file the dismissal on your end, I would like it dismissed ASAP via the most expedient means so I can move on with my life.  As Mr. Biss had just recently represented to me he was having difficulty securing local counsel in California for the case, I don't see why local counsel would now be the most expedient if you can do it on your end of things without eating into your weekend."

6.     On Saturday, June 15, 2019, Mr. Biss prepared and emailed to Ms. Chung drafts of a notice of appearance and notice of dismissal for Ms. Chung's review.  By copy of the email, Mr. Biss requested the Plaintiff to confirm his authorization and direction to file the pleadings on his behalf.

7.     Plaintiff provided express authorization and direction.

8.     On June 17, 2019, at 1:59 p.m., Ms. Chung advised Mr. Biss and Plaintiff that she and her firm declined participation in the case.  Mr. Biss immediately began to search for other counsel admitted to the Bar of this Court in order to get the case dismissed per Plaintiff's wishes.  Mr. Biss contacted five (5) law firms in an effort to secure local counsel.

9.     At 2:37 p.m. on June 17, 2019, Plaintiff sent the following email, with a copy to Defendant's counsel (Mr. Willen):

> "Please dismiss this case, thank you.  If Google's counsel can do it from their end, fine with me, as they suggested on Friday.  Thank you."

At 2:44 p.m., Mr. Biss responded to Plaintiff as follows:

3

"David,

Counsel for Google is not going to do this for you, and certainly not without prejudice. I have reached out to several other lawyers in the Bay area to get this done for you. I will let you know if anyone is willing to help."[2]

10.     Beginning at 3:07 p.m. on June 17, 2019, Plaintiff began to publish confidential communications to counsel for the Defendants (Mr. Willen) and others. Eventually, Plaintiff completely breached the terms and conditions of the engagement with Mr. Biss, threatened Mr. Biss, and published several false and defamatory statements about Mr. Biss to counsel for the Defendants. The conflict between Plaintiff and Mr. Biss was so serious and unprecedented that Mr. Biss was forced to terminate the representation.[3]

11.     At 4:48 p.m. on June 17, 2019, Plaintiff, acting entirely on his own, contacted Mr. Willen directly, and asked him to file a stipulation of dismissal even if it was with prejudice.

12.     At 5:08 p.m. on June 17, 2019, Mr. Biss emailed Mr. Willen as follows:

"Brian,

You have my express authority to communicate with David Seaman directly. He appears willing to sign the Joint Stipulation of Dismissal on the defendants' terms, but he will have to confirm that with you. I do not intend to offer Mr. Seaman any further advice."

---

[2]      Mr. Biss communicated at all times confidentially with his client. Plaintiff unilaterally and without authority published confidential communications, including this email, to counsel for the Defendants.

[3]      Between June 12, 2019 and June 17, 2019, Mr. Biss did everything within his power to facilitate a dismissal of Plaintiff's case without prejudice. Mr. Biss took reasonable steps to avoid any prejudice to Plaintiff and to ensure that any dismissal would not bar Plaintiff's right to refile, if that were Plaintiff's choice. After the relationship disintegrated on June 17, 2019, Mr. Biss informed Plaintiff that he (Mr. Biss) intended to notify the Court that the representation had been terminated.

13.     Counsel for Defendants prepared a Stipulation of Voluntary Dismissal reflecting the fact that Plaintiff was acting *pro se*. Plaintiff personally confirmed to Mr. Willen his agreement with the Stipulation, indicating his agreement to act *pro se*.

14.     Plaintiff expressly authorized Defendants' counsel to affix Plaintiff's signature to the Stipulation of Voluntary Dismissal, and to file the Stipulation of Voluntary Dismissal, which was filed as Document 30.

15.     The attorney-client relationship between Mr. Biss and Plaintiff is irreversibly broken. Because of Plaintiff's actions and statements, an incurable and irreconcilable conflict of interest has arisen that prevents Mr. Biss from representing Plaintiff. It is impossible for Mr. Biss to carry out the employment effectively. Ethical and professional considerations make withdrawal necessary.

For the reasons stated above, Mr. Biss respectfully requests leave to withdraw as Plaintiff's counsel in this matter. A proposed Order is attached as *Exhibit "A"*.

DATED:       June 20, 2019

STEVEN S. BISS

By:___*/s/ Steven S. Biss*_____
        Steven S. Biss, Esquire
        (Virginia State Bar No. # 32972)
        300 West Main Street, Suite 102
        Charlottesville, Virginia 22903
        Telephone:    (804) 501-8272
        Facsimile:     (202) 318-4098
        Email:         stevenbiss@earthlink.net
        *(Virginia Counsel for Plaintiff*
        *Not Admitted in California)*

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2019 a copy of the foregoing was delivered to the Clerk via Federal Express, and a copy was served electronically in PDF on the Plaintiff and counsel for the Defendants.

By:  */s/ Steven S. Biss*
            Steven S. Biss, Esquire
            (Virginia State Bar No. # 32972)
            300 West Main Street, Suite 102
            Charlottesville, Virginia 22903
            Telephone:   (804) 501-8272
            Facsimile:    (202) 318-4098
            Email:       stevenbiss@earthlink.net
            *(Virginia Counsel for Plaintiff*
            *Not Admitted in California)*

# EXHIBIT "A"

7

Steven S. Biss, Esquire
(Virginia State Bar No. # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:     (804) 501-8272
Facsimile:     (202) 318-4098
Email:         stevenbiss@earthlink.net
(*Virginia Counsel for Plaintiff*
*Not Admitted in California*)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | | |
|---|---|---|
| DAVID SEAMAN | ) | Case No. 4:19-cv-01903-SBA |
| | ) | |
| Plaintiff, | ) | Judge Saundra Brown Armstrong |
| | ) | |
| v. | ) | **[PROPOSED] ORDER** |
| | ) | **GRANTING MOTION TO** |
| | ) | **WITHDRAW AS COUNSEL FOR** |
| YOUTUBE, LLC et al | ) | **FOR THE PLAINTIFF** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Steven S. Biss, Esquire, has filed a motion to withdraw as counsel for the Plaintiff in this action (the "Motion").

After considering the Motion and all pleadings and papers on file, the Court grants the Motion. IT IS ORDERED that Mr. Biss is permitted to withdraw pursuant to Civil Local Rule 11-5.

Dated: _____        _____

HON. SAUNDRA BROWN ARMSTRONG
United Stated District Court Judge

8